IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. GARCIA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
DANNY JAMES GARCIA, APPELLANT.

Filed January 14, 2014.    No. A-13-727.

Appeal from the District Court for Hall County: JAMES D. LIVINGSTON, Judge. Affirmed.

Alfred E. Corey III, of Shamberg, Wolf, McDermott & Depue, for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

INBODY, Chief Judge, and MOORE and RIEDMANN, Judges.

INBODY, Chief Judge.

## INTRODUCTION

Danny James Garcia appeals his plea-based conviction and sentence for possession of a handgun by a prohibited person. He contends that his trial counsel was ineffective for inducing him to plead no contest to the charge of possession of a firearm by a prohibited person and that the sentence imposed for that conviction was excessive.

## STATEMENT OF FACTS

Garcia was originally charged with four felonies: count I, possession of a firearm by a prohibited person, a Class ID felony; count II, possession of a controlled substance with the intent to distribute, a Class III felony; count III, possession of a deadly weapon in the commission of a felony, a Class II felony; and count IV, possession of a controlled substance, a Class IV felony. Pursuant to a plea agreement, Garcia pled no contest to count I, possession of a firearm by a prohibited person, and also pled no contest to second degree assault in a companion case. As part of the plea agreement, the State dismissed the remaining counts in the instant case

and dismissed a second count in the companion case, assault or kidnapping by a confined person, a Class II felony, and also agreed to recommend concurrent sentences.

The district court advised Garcia that the penalty for the Class ID felony to which he pled in the instant case was a mandatory minimum of 3 years' imprisonment and a maximum of 50 years' imprisonment. Garcia responded that he understood the possible sentence, that no one forced him to plead no contest, and that he did so of his own free will. Garcia further stated that he did not have any other agreements or promises from the State or anybody else other than the plea agreement, that he asked his attorneys to help him make the agreement with the State, and that he approved of the agreement and was satisfied with his attorneys' representation of him. The court explained that it was not bound by the plea agreement, or any of its terms, and Garcia stated that he understood. After hearing the factual basis provided by the State which established that Garcia had previously been convicted of robbery and that a handgun was found in Garcia's bedroom during the execution of a search warrant, the district court found that Garcia had entered his pleas knowingly, intentionally, and voluntarily.

A presentence investigation was completed, and the resulting report indicated that Garcia was 25 years old with one dependent. He had completed 11th grade and was employed with a roofing company. Garcia's criminal history as a juvenile includes adjudications for third degree sexual assault, first-offense driving under the influence, theft by receiving stolen property, and obstructing a peace officer. Garcia's criminal history as an adult includes convictions for robbery, false reporting, obstructing a peace officer, failure to appear, careless driving, driving under suspension, possession or use of drug paraphernalia, and multiple other traffic violations. Additionally, in June 2013, which was approximately 6 months after the commission of the current offenses, Garcia was charged with robbery, first degree false imprisonment, operating a motor vehicle to avoid arrest, and obstructing a peace officer, which charges, at the time of the preparation of the presentence report, had been set for a preliminary hearing. Garcia scored in the high risk or very high risk on all of the factors in the level of service/case management inventory with a total score of 33, placing him in the very high risk for community supervision.

The district court sentenced Garcia to 24 to 30 years' imprisonment on the possession of a firearm by a prohibited person conviction with 82 days' credit for time served. In the companion case, the court sentenced Garcia to 2 to 4 years' imprisonment to be served concurrently with the aforementioned sentence. Neither Garcia's plea, nor his sentence, in the companion case are at issue in this appeal and are only addressed for the purposes of completeness regarding Garcia's plea agreement. Garcia has timely filed this direct appeal to this court assisted by different appellate counsel than represented him during his plea and sentencing.

## ASSIGNMENTS OF ERROR

On appeal, Garcia contends (1) that his trial counsel was ineffective for inducing him to plead no contest to the charge of possession of a firearm by a prohibited person and (2) that the sentence imposed for that conviction was excessive.

ANALYSIS

*Ineffective Assistance of Counsel.*

Garcia's first assignment of error is that his trial counsel was ineffective for inducing him to plead no contest to the charge of possession of a firearm by a prohibited person. Although Garcia admits that during the plea colloquy, he did admit to the trial judge that nobody had threatened or forced him to plead no contest and that he entered the pleas of his own free will, Garcia contends that he still relied on his attorney in entering the pleas and that he was induced to enter the no contest plea through counsel's assurances that he would receive no more than 6 years' imprisonment as a sentence.

A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. The determining factor is whether the record is sufficient to adequately review the question. *State v. McClain*, 285 Neb. 537, 827 N.W.2d 814 (2013). An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013).

In this case, the record on direct appeal is insufficient to adequately review Garcia's claim of ineffective assistance of counsel. Therefore, we decline to address this assignment of error and the issue is preserved for Garcia to pursue in an action for postconviction relief.

*Excessive Sentence.*

Garcia also contends that the 24- to 30-year sentence of imprisonment imposed upon him for his conviction of possession of a firearm by a prohibited person was excessive. Possession of a firearm by a prohibited person is a Class ID felony punishable by a mandatory minimum of 3 years' imprisonment and a maximum of 50 years' imprisonment, making Garcia's sentence well within the statutory sentencing range. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2012) (felonies; classification of penalties); Neb. Rev. Stat. § 28-1206(3)(b) (Cum. Supp. 2012) (possession of deadly weapon by prohibited person).

Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of judicial discretion. *State v. Abdulkadir*, 286 Neb. 417, 837 N.W.2d 510 (2013).

Although Garcia is a young man, at only 25 years old, he has amassed a fairly large criminal history including convictions, as an adult, for robbery, false reporting, obstructing a peace officer, failure to appear, careless driving, driving under suspension, and possession or use of drug paraphernalia. Additionally, in June 2013, which was approximately 6 months after the commission of the current offenses, Garcia was charged with robbery, first degree false imprisonment, operating a motor vehicle to avoid arrest, and obstructing a peace officer, which charges, at the time of the preparation of the presentence investigation report, had been set for a preliminary hearing. Further, Garcia scored in the high risk or very high risk on all of the factors in the level of service/case management inventory with a total score of 33, placing him in the very high risk for community supervision.

Additionally, Garcia has obtained a substantial benefit from the plea agreement in this case. As part of the plea agreement, the State agreed to dismiss the charges of possession of a controlled substance with the intent to distribute, a Class III felony; possession of a deadly weapon in the commission of a felony, a Class II felony; and possession of a controlled

substance, a Class IV felony. The dismissal of these charges removed possible penalties faced by Garcia in this case of a total of 2 to 75 years' imprisonment and $26,000 in fines. Also as part of the plea agreement and Garcia's no contest plea to second degree assault in the companion case, an additional charge of assault or kidnapping by a confined person, a Class II felony, was dismissed and the State agreed to recommend concurrent sentences--and concurrent sentences were imposed.

In sum, not only was Garcia's sentence within the statutory sentencing range, but he received a substantial benefit from his plea agreement. Additionally, when considering the seriousness of his offense and his criminal history, the sentence imposed by the district court was not an abuse of discretion.

## CONCLUSION

Because the record is insufficient for this court to address Garcia's claim of ineffective assistance of counsel on direct appeal, we do not reach that issue. We do find that there is no merit in Garcia's claim that the sentence imposed on his conviction for possession of a firearm by a prohibited person was excessive, and therefore, his conviction and sentence is affirmed.

AFFIRMED.